*627 OPINION.
Tkussell :
There has been submitted in evidence a public accountant’s statement of the assets and liabilities of the Commonwealth Mortgage Bond Co. of Iowa as of June 30, 1920, two months prior to the receivership. That statement and the testimony as to recoveries upon the liquidation of the company’s assets show that in September, 1920, the assets and liabilities of the company appeared to be as follows:
ASSETS
_ $280.38 Cash-
Notes receivable:
$18,128. 77 Subscribers for stock.
10, 000. 00 Real estate_
3, 750. 00 Officers_
31, 878.77
Accounts receivable_ 246. 58
Securities_ 15,642.50
ITarm_ 90, 000.00
Construction and lease_ 75, 000. 00
Accrued interest_■ 120.29
Total. 213,174. 52
LIABILITIES
Notes payable to banks-10, 000. 00
Accounts payable:
On construction_ $284, 990.17
On leasehold_ 25, 000. 00
To Kirkpatrick-101.16
- 310, 091.33
Miscellaneous accrued expenses— _ 16, 943. 08
Mortgage on farm-_ 60,000.00
Capital stock:
Issued_-___$109,309.20
Subscriptions partly paid- 285, 650. 00
Surplus paid in- 18, 650. 00
- 413, 609. 20
Total_ 810, 643. 61
Deficit_ 597,469.09
The record in this proceeding establishes that the stock of the Commonwealth Mortgage Bond Co. of Iowa, became worthless during 1920.
The petitioner has admitted the constructive receipt of $1,239.05 as commissions earned during 1920 and applied during that year on his *628 notes given to the Commonwealth Mortgage Bond Co. of Iowa in payment for stocks. That amount, having been paid in to the company during 1920 for stock which became worthless, constitutes a loss in addition to the $4,125 initial payment. The deficiency here involved resulted from the respondent’s action of adding the said commissions to income and a deduction for the loss of $1,239.05 wipes out the deficiency.
The petitioner having paid $5,364.05 for stock which became worthless in 1920, sustained a loss of that amount which is a proper deduction from gross income for the year 1920, under section 214 (a) (4) and (5) of the Revenue Act of 1918.
The petitioner's income-taxe liability for the yea/r 1920 should be recomputed in accordance with the foregoing findings of fact and opinion. Judgment for petitioner will be entered upon 15 days' notice, pursuant to Rule 50.
Considered by Trussell, Love, and LittletoN.